In the Matter of MAX WINDER, an Attorney, Respondent.

First Department, November 14, 1924.

**Attorney and client — disciplinary proceedings — attorney disbarred under Judiciary Law, § 88, subd. 3, following conviction for grand larceny.**

The respondent, an attorney at law, is disbarred under subdivision 3 of section 88 of the Judiciary Law, since it appears that he was convicted of the crime of grand larceny upon his plea of guilty and was sentenced to State prison.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the June, 1906, term of the Appellate Division in the First Department, and has practiced as such attorney since his admission. As appears by the certified copy of the records of the County Court, Bronx county, the respondent was indicted by the grand jury of Bronx county on February 14, 1924, charged with grand larceny in the first degree, and upon his arraignment before said court on the 23d of April, 1924, he plead guilty and was thereafter on the 14th day of May, 1924, sentenced to State prison for not less than three years and six months nor more than eight years.

It is provided in subdivision 3 of section 88 of the Judiciary Law: " Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

Section 477 of the Judiciary Law also provides: " Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

The crime of which the respondent stands convicted and for which he is now suffering imprisonment being a felony, it follows that his name must be stricken from the roll of attorneys, and it is so ordered.

DOWLING, FINCH, McAVOY and MARTIN, JJ., concur.

Respondent disbarred. Settle order on notice.